GUY W. MYERS, Appellant, Respondent, v. ANDREW JENSEN and JOHN RICHARDS, Respondents, Appellants. ARTHUR WOODROW ELDREDGE, an Infant over Fourteen Years of Age, by JOHN V. S. ELDREDGE, His Guardian ad Litem, Appellant, Respondent, and JOHN V. S. ELDREDGE, Plaintiff, Respondent, v. ANDREW JENSEN and JOHN RICHARDS, Respondents, Appellants.— These two cases are negligence actions and were tried together. The plaintiff Myers was the owner and operator of a Plymouth coupe. The infant plaintiff Eldredge was a passenger in that car. Myers was operating his car along East Main street in the village of Cobleskill, N. Y., on December 31, 1934, at eight o'clock in the evening at a rate of speed of about fifteen miles an hour. The highway was concrete and about thirty feet in width. The street was covered with ice. The Myers automobile

proceeded along the highway to a point where two gasoline stations abutted the street on opposite sides. Each of these stations was lighted with floodlights standing eight or ten feet from the curb line which were directed into the stations. Plaintiff Myers testified that his vision was obscured momentarily by the reflection of his headlights against the ice. Two to four feet west of the entrance to one of the gasoline stations and on the north side of the street a truck owned by defendant Richards and operated by defendant Jensen was being backed up towards the south at about four or five miles per hour directly in the path of the Myers car. This truck was a five-ton, six-wheel vehicle with a van or box body. The jury could have found upon sufficient proof that there were no lights on the rear of the truck. The Myers car crashed into the truck with the result that both plaintiffs were injured. The jury rendered a verdict in favor of the plaintiff Myers in the sum of $1,000 and in favor of the infant plaintiff Eldredge for $3,500 and a verdict of forty-five dollars in favor of the infant's father representing the value of medical services. The trial court set aside the verdict in the Myers case and directed a new trial on the ground that the verdict of the jury was against the credible weight of the evidence upon the question of the contributory negligence of that plaintiff. Plaintiff has appealed from that order. The trial court set aside the verdict of $3,500 in the case of the infant plaintiff on the ground that it is excessive and directed a new trial unless the plaintiff consented that the verdict be reduced to $2,500. Plaintiff has appealed from that order. Defendants have appealed from an order in the Myers action denying their motion for a nonsuit. Defendants have also appealed from an order in the Eldredge action denying their motion to set aside the verdict and to grant a new trial. There is ample evidence to sustain the verdicts of the jury. The infant plaintiff received serious injuries and the verdict may not be treated as excessive. Orders setting aside verdicts reversed, on the law and facts, with costs in each action to the plaintiffs-appellants, and verdicts reinstated. The orders from which defendants appeal affirmed, with ten dollars costs and disbursements to each plaintiff respondent in each action. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.